**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BARRY THOMPSON, KATAVON BROWN and GREGORY RAYMOND,**

      **Plaintiffs,**

**v.**                                          **Case No:   6:16-cv-1468-Orl-40KRS**

**DEALER MANAGEMENT SERVICES, INC. and TT OF BREVARD, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED JOINT MOTION FOR FAIRNESS FINDING AND APPROVAL OF SETTLEMENT (Doc. No. 24)**
>
> **FILED:** **December 13, 2016**

Plaintiffs, Barry Thompson, Katavion[1] Brown, and Gregory Raymond, instituted this action against Defendants, Dealer Management Services, Inc., and TT of Brevard, Inc., in state court on October 8, 2015. Doc. Nos. 1, 2. Defendants then removed the action to this Court. Doc. No. 1. In their Amended Complaint, Plaintiffs allege that Defendants terminated their employment because they filed a lawsuit against Defendants alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").[2]  Doc. No. 2. They

---

[1] Although Mr. Brown's name was spelled "Katavon" in the Amended Complaint, it appears that his name is actually Katavion.

[2] The minimum wage and overtime claims are not at issue in this lawsuit. They were settled in

allege that their terminations constituted unlawful retaliation in violation of the FLSA and Florida's Whistleblower Act, Fla. Stat. § 448.101, *et seq.* ("FWA"). *Id.* The parties have now settled the FLSA retaliation and FWA claims; they ask that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350 (11th Cir. 1982), and dismiss the case with prejudice. Doc. Nos. 21, 24. The motion has been referred to me, and it is ripe for decision.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for back wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013). *Lynn's Food* applies only to back wage claims brought under the FLSA. That is, it does not apply to state law claims, *see Hardy v. Mid-South Bells, LLC*, No. 5:15-cv-01526-MHH, 2016 WL 6395361, at *3 (N.D. Ala. Oct. 28, 2016), or FLSA retaliation claims, *see Hernandez v. Iron Container, LLC*, No. 13-22170-CIV, 2014 WL 633848, at *1-2 (S.D. Fla. Feb. 18, 2014) (collecting cases). A settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim. *See Johnson v. Overdrive Sys. II, Inc*., No. 6:15-cv-938-Orl-40DAB, 2016 WL 3511758, at *2 (M.D. Fla. June 1, 2016), *adopted by* 2016 WL 3421984 (M.D. Fla. June 22, 2016); *Hernandez*, 2014 WL 633848, at *1-2; *McQuillan v. H.W. Lochner, Inc.*, No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013); *Yost v.*

---

Plaintiffs' previous lawsuit. *See Thompson v. Dealer Mgmt. Servs., Inc.*, No. 6:14-cv-1592-Orl-37DAB, Doc. No. 61 (M.D. Fla. May 8, 2015).

*Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *adopted by* 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

In this case, Plaintiffs do not maintain any FLSA back wage claims—they bring only FLSA retaliation and FWA claims.  Doc. No. 2.  The settlement of these claims has not contaminated the settlement of any FLSA back wage claims.  Indeed, Plaintiffs' FLSA back wage claims were settled before this lawsuit was even filed.  *See Thompson*, No. 6:14-cv-1592-Orl-37DAB, Doc. No. 61 (M.D. Fla. May 8, 2015).  Thus, the Court need not approve the settlement under *Lynn's Food*.[3]

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DENY** the parties' request for approval of their settlement agreement (Doc. No. 24) **as moot**.  Instead, I recommend that the Court: (1) treat the parties' motion as a joint stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii); (2) **DISMISS** this case with prejudice, each party to bear its own costs and attorney's fees; and (3) **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 13, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] Of course, to the extent that the settlement of Plaintiffs' FLSA retaliation and FWA claims purports to release FLSA claims for back wages (such as minimum wage and overtime claims), such a release would be unenforceable because it has not been approved by the Department of Labor or a court.

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record